UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FLOYD WILLIAM MARR,

    Plaintiff,

    v.

JUDGES WILLIAM BROWN and BRIAN TOLLEFSON,

    Defendants.

Case No. C08-5645RJB

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Kelley Arnold (Dkt. 5), and Mr. Marr's Motion to Amend Complaint (Dkt. 7). The Court has considered the relevant documents and the remainder of the file herein.

On October 15, 2008, Mr. Marr filed this "Petition for the Extraordinary Writ of Mandamus," requesting that this Court enter an "order enforcing a Washington State Court of Appeals Decision. And forcing the County of Pierce to comply with the court order." Dkt. 4, at 2. Mr. Marr further requests that this Court "reinstate a proper Judgment and Sentence. For there is not a valid judgment in place at this time." *Id.* This case is one of several Mr. Marr has filed challenging his 1978 first degree murder conviction and sentence. *See e.g. Marr v. Wright,* Western District of Washington cause number 94-5575RJB (habeas corpus petition denied), (affirmed *Marr v. Wright*, 103 F.3d 139(9th Cir. 1996)); *Marr v. Lehman* Western District of Washington cause number 02-5092FDB (successive habeas corpus petition dismissed for failure to exhaust claims and for failure to timely file claims).

On November 12, 2008, a Report and Recommendation was filed in this case recommending that this matter be dismissed as this Court has no jurisdiction to issue a mandamus under 28 U.S.C. § 1361 to compel action by a state official. Dkt. 5.

Mr. Marr filed objections, arguing that: the Court does have the power of mandamus, the Court should not have taken $350.00 from him if the Court does not have jurisdiction to rule on the case, and the

ORDER
Page - 1

Court should not dismiss the case without allowing him to amend his petition. Dkt. 7. Mr. Marr also files a pleading entitled "Objection to Courts [sic] Rulings on Amount of Filing Fees/Costs." Dkt. 8. In this pleading Mr. Marr asks the Court to reduce his filing fee to $5.00. *Id.*

The Report and Recommendation should be adopted, and this matter dismissed. Mr. Marr fails to cite to any authority which holds that this Court has the jurisdiction to issue a mandamus under 28 U.S.C. § 1361 to compel action by a state official. Mr. Marr's citations pertain to the issuance of a mandamus to compel action by federal officials.

Mr. Marr's objection regarding the filing fee is also without merit, and his motion to reduce his filing fee (Dkt. 8) should be denied. Under 28 U.S.C. § 1914(a) "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal, or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5." Mr. Marr does not indicate that he is bringing a habeas corpus petition here. Moreover, a habeas petition here would be a successive petition, subject to, as Mr. Marr is aware, the laws governing habeas corpus actions. *See Marr v. Wright,* Western District of Washington cause number 94-5575RJB, and *Marr v. Lehman* Western District of Washington cause number 02-5092FDB. To the extent that Mr. Marr seeks a reduction in his filing fee, in his "Objection to Courts [sic] Rulings on Amount of Filing Fees/Costs" (Dkt. 8) his motion should be denied.

Lastly, the Court will construe Mr. Marr's stated "objection to the Magistrates [sic] Recommendation in that he is not allowing Petitioner any option of Amending the Petition, or to allow any other proceedings" (Dkt. 7, at 4-5), as a motion to amend.

Fed. R. Civ. P. 15(a)(1) permits a party to amend the complaint before being served with a responsive pleading; or within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)(*internal quotations and citations omitted*).

Turning first to futility, Mr. Marr has failed to show that this Court can grant the relief that he seeks. Mr. Marr has failed to show how any amendment to this Complaint could cure the defect. To the

extent that Mr. Marr moves to amend the Complaint, his motion should be denied. The Report and Recommendation (Dkt. 5) should be adopted, and the case dismissed.

### IV. ORDER

Therefore, it is hereby **ORDERED** that:

- Mr. Marr's Motion to reduce his filing fee (Dkt. 8) is **DENIED**;
- Marr's Motion to Amend the Complaint (Dkt. 7) is **DENIED**,
- The Report and Recommendation (Dkt. 5) is **ADOPTED** and the case is **DISMISSED;** and
- The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 16th day of December, 2008.

ROBERT J. BRYAN
United States District Judge

ORDER
Page - 3